MCCOY, TURNAGE & ROBERTSON, LLP
James R. Robertson, SBN 204923
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: 858-300-1900
Fax: 858-300-1910

Attorneys for Plaintiffs



2010 JUL 22 PM 1:46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ________ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MONTY N. CAZIER, for himself and on behalf of all similarly situated individuals;

Plaintiffs,

v.

HD SUPPLY, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. '10 CV 1530 LAB NLS

CLASS ACTION

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, ET SEQ.

**DEMAND FOR JURY TRIAL**

Complaint Filed:
Trial Date:

COMES NOW, the Plaintiff, Monty N. Cazier, on behalf of himself and all similarly situated individuals and alleges the following claims:

**INTRODUCTION**

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.* The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Defendant used a consumer report that it obtained from a credit reporting agency to fail to hire Plaintiff. In doing so, Defendant failed to comply with the procedural protections and requirements imposed on it by the FCRA.

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

ORIGINAL

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

## JURISDICTION/VENUE

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in this district and division. The Defendant's actions to obtain and use the consumer report of the Plaintiff and of other putative class members occurred through its "HD Facilities Maintenance" division is located in this District. Further, upon information and belief, Defendant had delegated certain components of its background check process to third party consumer reporting agency ChoicePoint, which processed HD Supply's work in West Covina, California.

## PARTIES

4. Monty N. Cazier (hereinafter "Cazier") is a "consumer" as protected and governed by the FCRA.

5. HD Supply, Inc. (hereinafter "HD Supply") is a Delaware corporation doing business in San Diego, CA. It's "HD Facilities Maintenance" division is located at 10541 Scripps Summit Court, San Diego, California.

6. At all times relevant hereto, HD Supply was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

7. ChoicePoint contracted to and supplied the consumer report which is the subject of this suit, and upon information and belief supplied additional consumer reports to Defendant for employment purposes.

8. During the FCRA statute of limitations period ChoicePoint was a "consumer reporting agency" as governed by the FCRA.

9. During the FCRA statute of limitations period ChoicePoint was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

///

///

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

## FACTS

10. Cazier applied for employment with HD Supply in the summer of 2008.

11. As part of the application process, Cazier may have authorized Defendant to obtain a consumer report.

12. On July 24, 2008 HD Supply requested a consumer report for employment purposes on Cazier from ChoicePoint.

13. The results of the consumer report caused HD Supply to fail to hire Cazier in August 2008.

14. HD Supply used the subject consumer report to make an adverse decision about Cazier's employment.

15. The first time that Cazier learned of the contents of the subject consumer report was in March 2009 when he requested a copy of the report from ChoicePoint after Defendant failed to hire him.

16. HD Supply, either directly or through ChoicePoint as its agent, did not provide Cazier with a copy of the consumer report or written summary of his rights under the FCRA before or even at the time it informed him he was not going to be hired.

17. HD Supply did not provide Cazier with the FCRA notices required by §1681m.

## APPLICABLE LAW

18. Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

///

19. The purpose of Section 1681b(b)(3)(A) is to provide prospective or current employees a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

20. Section 1681m(2)(A) requires that the consumer be provided orally, in writing, or electronically the name, address and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person.

21. Section 1681m(2)(B) requires that the consumer be provided orally, in writing, or electronically a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken.

22. Section 1681m(3)(A) requires that the consumer be provided oral, written or electronic notice of the consumer's rights to obtain under section 1681j of the FCRA, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60-day period under that section for obtaining such a copy.

23. Section 1681m(3)(B) requires that the consumer be provided oral, written or electronic notice of the consumer's rights to dispute, under section 1681i of the FCRA, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

## FACTS COMMON TO ALL CLASS MEMBERS

24. Defendant failed to provide a copy of the consumer report a sufficient amount of time before Defendant took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

///

///

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

25. Before Defendant fired Plaintiff it failed to provide him with any advance notice that Defendant was going to take that adverse action, failed to provide him with a copy of the consumer report, and failed to provide him with a summary of his rights under the FCRA.

26. Defendant failed to provide the oral, written or electronic notices required by FCRA, 15 U.S.C. §1681m to Plaintiff.

27. Upon information and belief, it is Defendant's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without first providing them with a copy of their consumer report, without providing them with a summary of their rights under the FCRA before taking the adverse action, and without providing most of the oral, written or electronic notices required by the FCRA.

**Defendant Acted Willfully**

28. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

29. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

30. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

31. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the four violations alleged herein, and for attorneys fees and costs pursuant to §1681n and §1681o.

/ / /

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

32. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## CLASS ACTION ALLEGATIONS

33. **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint (now Lexis Nexis) consumer report (b.) that contained at least one record of a criminal conviction or arrest, (c.) that was furnished to the Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, that is the five years next preceding the filing of this action and during its pendency, (d.) who were thereafter terminated or not hired by HD Supply and (e.) who after that report was furnished did not receive from ChoicePoint (now Lexis Nexis) more than two years before the filing of this action a copy of their consumer report. Excluded from the class definition are any employees, officers, directors of HD Supply or ChoicePoint (now Lexis Nexis), any attorney appearing in this case, and any judge assigned to hear this action.

34. **Plaintiff's proposed Sub-Classes.** Plaintiff also alleges the following proposed Sub-Classes, of which Plaintiff is a member:

> a. All employees or prospective employees of defendant residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint (now Lexis Nexis) consumer report (b.) identifying "HD Facilities Maintenance" division at 10541 Scripps Summit Court, San Diego, California as the recipient or user (c.) that contained at least one record of a criminal conviction or arrest, (d.) that was furnished to the Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, that is the five years next preceding the filing of this action and during its pendency, (e.) who were thereafter terminated or not hired by HD Supply and (f.) who after that report was furnished did not receive from ChoicePoint (now Lexis Nexis) more than two years before the filing of this action a copy of their consumer report. Excluded from the class definition are any employees, officers, directors of HD Supply or ChoicePoint (now Lexis Nexis), any attorney appearing in this case, and any judge assigned to hear this action; and/or
>
> b. All employees or prospective employees of defendant

McCoy, Turmage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint (now Lexis Nexis) consumer report (b.) issued or administered by a ChoicePoint (now Lexis Nexis) service center in California (c.) that contained at least one record of a criminal conviction or arrest, (d.) that was furnished to the Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, that is the five years next preceding the filing of this action and during its pendency, (e.) who were thereafter terminated or not hired by HD Supply and (f.) who after that report was furnished did not receive from ChoicePoint (now Lexis Nexis) more than two years before the filing of this action a copy of their consumer report. Excluded from the class definition are any employees, officers, directors of HD Supply or ChoicePoint (now Lexis Nexis), any attorney appearing in this case, and any judge assigned to hear this action.

35. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant and ChoicePoint (now Lexis Nexis), and the Class members may be notified of the pendency of this action by published and/or mailed notice.

36. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

a. Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

b. Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

c. Whether Defendant's implementation and maintenance of the challenged FCRA procedures was willful (knowingly with reckless disregard);

d. What is the appropriate amount of statutory damages per class member and punitive damages that should be awarded.

37. **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

38. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

39. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

40. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

**COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)**

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

**COUNT TWO: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)**

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows

1. An order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;
2. The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;
3. Statutory and punitive damages;
4. Equitable and/or declaratory relief;
5. Attorneys fees, expenses and costs;

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

6. Pre-judgment and post-judgment interest as provided by law; and

7. Such other relief the Court does deem just, equitable and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: July 21, 2010

MCCOY, TURNAGE & ROBERTSON, LLP

By: ______________________

JAMES R. ROBERTSON
Attorneys for Plaintiff Monty N. Cazier and on behalf of similarly situated individuals

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MONTY N. CAZIER

**DEFENDANTS**

HD SUPPLY, INC., a corporation, and DOES 1 through 50.

FILED 2010 JUL 22 PM 1:46 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

(b) County of Residence of First Listed Plaintiff: Comal County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
McCoy, Turnage & Robertson, LLP (Tele - 858-300-1900)
5469 Kearny Villa Rd., Ste. 206, San Diego, CA 92123

Attorneys (If Known)
'10 CV 1530 LAB NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. Section 1681, et seq.

Brief description of cause:
Violation of the Federal Fair Credit Reporting Act

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** Statutory Penalties

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 07/21/2010 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 16124 AMOUNT $350- 7/22/10BM APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

CR

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016124
Cashier ID: bhartman
Transaction Date: 07/22/2010
Payer Name: MCCOY TURNAGE AND ROBERTSON

---

CIVIL FILING FEE
For: CAZIER V HD SUPPLY
Case/Party: D-CAS-3-10-CV-001530-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 2469
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00 charged for any returned check.