JAMES F. McCABE (CA SBN 104686)
jmccabe@mofo.com
ADRIANO HRVATIN (CA SBN 220909)
ahrvatin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
HD SUPPLY, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTY N. CAZIER, for himself and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HD SUPPLY, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   10 CV 1530 LAB NLS<br><br>**CLASS ACTION**<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: July 22, 2010 |

1   Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, defendant HD Supply, Inc. ("HDS") responds to plaintiff Monty N. Cazier's complaint, filed July 22, 2010, as follows.

### INTRODUCTION

1. In response to paragraph 1, HDS admits that plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). To the extent paragraph 1 states legal conclusions, no response thereto is necessary. Except as expressly admitted, HDS denies the allegations in paragraph 1.

### JURISDICTION/VENUE

2. HDS admits that this Court has jurisdiction of this matter pursuant to Section 1681p of the FCRA. Except as expressly admitted, HDS denies the allegations in paragraph 2.

3. HDS admits that it regularly does business in this District. Except as expressly admitted, HDS denies the allegations in paragraph 3.

### PARTIES

4. HDS states that since paragraph 4 states only legal conclusions, no response thereto is necessary.

5. HDS admits that it is a Delaware corporation. Except as expressly admitted, HDS denies the allegations in paragraph 5.

6. HDS states that since paragraph 6 states only legal conclusions, no response thereto is necessary.

7. HDS admits that in or about July 2007 it entered into a master services agreement with ChoicePoint WorkPlace Solutions Inc. under which ChoicePoint WorkPlace Solutions Inc. agreed to provide HDS with certain employment related background screening services. Except as expressly admitted, HDS denies the allegations in paragraph 7.

8. HDS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and denies the allegations on that basis.

9. HDS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and denies the allegations on that basis.

| | |
|---|---|
| 1 | **FACTS** |
| 2 | 10.    HDS denies the allegations in paragraph 10. |
| 3 | 11.    HDS denies the allegations in paragraph 11. |
| 4 | 12.    HDS denies the allegations in paragraph 12. |
| 5 | 13.    HDS denies the allegations in paragraph 13. |
| 6 | 14.    HDS denies the allegations in paragraph 14. |
| 7 | 15.    HDS lacks sufficient knowledge or information to form a belief as to the truth of |
| 8 | the allegations in paragraph 15 and denies the allegations on that basis. |
| 9 | 16.    HDS denies the allegations of paragraph 16. |
| 10 | 17.    HDS denies the allegations of paragraph 17. |
| 11 | **APPLICABLE LAW** |
| 12 | 18.    HDS states that since paragraph 18 states only legal conclusions, no response |
| 13 | thereto is necessary. |
| 14 | 19.    HDS states that since paragraph 19 states only legal conclusions, no response |
| 15 | thereto is necessary. |
| 16 | 20.    HDS states that since paragraph 20 states only legal conclusions, no response |
| 17 | thereto is necessary. |
| 18 | 21.    HDS states that since paragraph 21 states only legal conclusions, no response |
| 19 | thereto is necessary. |
| 20 | 22.    HDS states that since paragraph 22 states only legal conclusions, no response |
| 21 | thereto is necessary. |
| 22 | 23.    HDS states that since paragraph 23 states only legal conclusions, no response |
| 23 | thereto is necessary. |
| 24 | **FACTS COMMON TO ALL CLASS MEMBERS** |
| 25 | 24.    HDS denies the allegations in paragraph 24. |
| 26 | 25.    HDS denies the allegations in paragraph 25. |
| 27 | 26.    HDS denies the allegations in paragraph 26. |
| 28 | 27.    HDS denies the allegations in paragraph 27. |

**Defendant Acted Willfully**

28. To the extent that paragraph 28 states legal conclusions, no response thereto is necessary. HDS admits that it is aware of obligations established under the FCRA. Except as admitted, HDS denies the allegations in paragraph 28.

29. To the extent that paragraph 29 states legal conclusions, no response thereto is necessary. HDS admits that it has written materials regarding its duties under the FCRA. Except as admitted, HDS denies the allegations in paragraph 29.

30. To the extent that paragraph 30 states legal conclusions, no response thereto is necessary. HDS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, HDS denies the allegations in paragraph 30.

31. To the extent that paragraph 31 states legal conclusions, no response thereto is necessary. HDS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, HDS denies the allegations in paragraph 31.

32. To the extent that paragraph 32 states legal conclusions, no response thereto is necessary. HDS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, HDS denies the allegations in paragraph 32.

**CLASS ACTION ALLEGATIONS**

33. In response to paragraph 33, HDS admits that plaintiff purports to bring this action as a class action. HDS admits that plaintiff purports to define a class as stated in paragraph 33. Except as expressly admitted, HDS denies the allegations in paragraph 33.

34. In response to paragraph 34, HDS admits that plaintiff purports to define two sub-classes as stated in paragraph 34. Except as expressly admitted, HDS denies the allegations in paragraph 34.

35. HDS denies the allegations in paragraph 35.

36. HDS denies the allegations in paragraph 36.

37. HDS denies the allegations in paragraph 37.

38. HDS denies the allegations in paragraph 38.

39. HDS denies the allegations in paragraph 39.

...

...

1   40.   HDS denies the allegations in paragraph 40.

2   **COUNT ONE:  VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)**

3   41.   In response to paragraph 41, HDS realleges and incorporates by reference each and every preceding paragraph of this answer as if fully set forth herein.

5   42.   HDS denies the allegations in paragraph 42.

6   **COUNT TWO:  VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)**

7   43.   In response to paragraph 43, HDS realleges and incorporates by reference each and every preceding paragraph of this answer as if fully set forth herein.

9   44.   HDS denies the allegations in paragraph 44.

**TRIAL BY JURY**

HDS admits that plaintiff seeks to try this case to a jury.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the complaint and without admitting or acknowledging that HDS bears any burden of proof as to any of them, HDS asserts the following affirmative defense.  HDS intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to further amend this answer in order to assert all such further defenses.

**First Affirmative Defense**

The complaint fails to state sufficient facts to establish the elements of any claim under the FCRA including, but not limited to, facts regarding what HDS, as opposed to any other entity, did to violate the FCRA.

**PRAYER FOR RELIEF**

WHEREFORE, HDS prays as follows:

(a)  that plaintiff take nothing by way of his complaint;

(b)  that judgment be rendered against plaintiff and in favor of HDS;

(c)  HDS be awarded its fees and costs of suit; and

(d)  for such other relief be awarded to HDS that the Court deems appropriate.

Dated:  November 10, 2010    MORRISON & FOERSTER LLP

By:  s/ James F. McCabe
James F. McCabe
Email:  jmccabe@mofo.com

Attorneys for Defendant
HD SUPPLY, INC.

ANSWER TO COMPLAINT
CASE NO. 10 CV 1530 LAB NLS
sf-2911911

5

## CERTIFICATE OF SERVICE

I certify that on this 10th day of November 2010, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

James R. Robertson, Esq.
McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California  92123

Attorneys for Plaintiff Monty N. Cazier

                                              s/ James F. McCabe
                                              James F. McCabe